UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SHADIA S. ITTAYEM and RAHMAN RAMAN | * * | CIVIL ACTION NO. |
| Plaintiffs | * * | |
| | * | JUDGE |
| VERSUS | * * | |
| SOUTHERN FIDELITY INSURANCE COMPANY and AZED JEAN-PIERRE | * * * | MAGISTRATE |
| Defendants | * * | SECTION |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**<u>NOTICE OF REMOVAL</u>**

TO:  The Honorable Judges and The Honorable Clerk of this Court
     United States District Court
     Eastern District of Louisiana

NOW INTO COURT, through undersigned counsel, come Southern Fidelity Insurance Company and Azed Jean-Pierre (collectively, "Defendants"), sought to be made Defendants in this matter, who, on reserving all rights and defenses including, but not limited to, all defenses contained in Rule 12 of the Federal Rules of Civil Procedure and/or the Louisiana Code of Civil Procedure, respectfully represent that they desire to remove this action from the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana, to the United States District Court for the Eastern District of Louisiana, and that removal on the grounds of diversity of citizenship is proper for the reasons stated below:

1.

This action involves claims for personal injury damages alleged to have been incurred on or about November 24, 2019.

1

2.

On or about September 19, 2020, the Plaintiffs Shadia S. Ittayem ("Ittayem") and Rahman Raman ("Raman") (sometimes collectively referred to as "Plaintiffs") filed a Petition for Damages in the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana, entitled "*Shadia S. Ittayem and Rahman Raman versus Southern Fidelity Insurance Company and Azed Jean-Pierre*," Case No. 2020-13975, Division "B". A copy of the pleadings from the 22nd Judicial District Court for the Parish of St. Tammany is attached hereto as Exhibit "A".

3.

In the Petition for Damages, Plaintiffs have named as Defendants (1) Southern Fidelity Insurance Company ("SFIC"), a foreign insurance company, authorized to do and doing business in the Parish of St. Tammany, State of Louisiana; and (2) Azed Jean-Pierre ("Jean-Pierre"), a person of the full age of majority and a resident and domiciliary of the State of Mississippi.

4.

Plaintiffs allege that at all relevant times, Jean-Pierre was the owner of certain real property located at 344 Foxcroft Drive, Slidell, La. (the "Property") and was responsible for maintaining said Property in a reasonably safe condition.

5.

Plaintiffs alleged that, on or about November 15, 2019, Jean-Pierre entered into a written agreement with Plaintiffs to lease the Property as a residential home.

6.

Thereafter, on or about November 24, 2019, Ittayem allegedly attempted to use the range stovetop for the first time when a hole burned through the pan she was attempting to use, and she was immediately electrocuted.

7.

Plaintiffs allege that Jean-Pierre had knowledge of and/or created this unreasonably dangerous condition by failing to correctly install the range stovetop appliance located in the kitchen, and instead directly wiring the 240-volt electricity of the appliance into the wall wiring, thereby bypassing the electrical power plug to which the range stovetop should have been inserted, which is a violation of applicable building code.

8.

Plaintiffs claim that this unreasonably unsafe condition was hidden and/or otherwise unknown to Plaintiffs.

9.

Plaintiffs alleged that at all pertinent times herein including on November 24, 2019, Southern Fidelity Insurance Company issued a policy of insurance to Jean-Pierre, that provides coverage for the claims alleged in this lawsuit.  *See* Petition for Damages at Paragraph XIII.

10.

SFIC was served with the Petition for Damages on October 23, 2020.  Jean-Pierre was served after October 23, 2020.  Therefore, this Notice of Removal is timely as it is filed within thirty (30) days of service of process of the petition on SFIC in compliance with 28 U.S.C. § 1446 (b).  This Notice of Removal is filed less than one (1) year after commencement of the action in State Court.

11.

This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441(a) and (b).  There is complete diversity as to all properly joined parties and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

12.

Venue is proper pursuant to 28 U.S.C. § 1391 as "a substantial part of the events or omissions giving rise to the claim occurred" in the Eastern District of Louisiana and "a substantial part of property that is the subject of the action is situated" in this district. In particular, the alleged damages and injury at issue would have occurred at property located in Slidell, Louisiana.

13.

Pursuant to 28 U.S.C. § 1446(a), attached hereto as Exhibit "A" are all pleadings filed in the record of the State Court.

14.

Plaintiffs are alleged to be domiciled in the State of Louisiana. *See* Petition for Damages at Paragraph I.

15.

SFIC is a foreign insurer incorporated under the laws of the State of Florida with its address and principal place of business in Tallahassee, Florida. *See* attached Exhibit "B". 28 U.S.C. § 1332 (c)(1).

16.

Jean-Pierre is alleged to be a resident and domiciliary of the State of Mississippi. *See* Petition for Damages at Paragraph II.

17.

In accordance with Louisiana law, the Petition for Damages does not specify an amount of damages. Plaintiffs do not allege that there is a "lack of jurisdiction of federal courts due to insufficiency of damages" as required by La. Code Civ. P. Art. 893A(l). Plaintiffs do, however, pray for a trial by jury.

18.

On June 9, 2020, Plaintiffs presented a pre-suit demand for policy limits. As part of this demand, Plaintiff Ittayem alleges $52,871.25 in past due medicals alone. *See* Demand attached as Exhibit "C".

19.

Plaintiff, Shadia Ittayem, further seeks the following additional damages: (1) past and future pain and suffering; (2) past and future loss of enjoyment of life; (3) past and future mental anguish and emotional distress; (4) past and future medical expenses; (5) permanent disability and disfigurement; (6) all general damages in an amount to be determined according to proof at the time of trial; (7) all special damages including, but not limited to, past and future medical expenses in an amount to be determined according to proof at the time of trial; (8) judicial interest from date of judicial demand until judgment is paid; (9) cost of the suit herein incurred; (10) for such other and further relief that the Court may deem just and proper. *See* Petition for Damages at Paragraph XIV.

20.

As a result, the amount in controversy for plaintiff Ittayem's damages exceeds over $75,000.00, exclusive of interest and costs.

21.

Plaintiff, Rahman Ramen, seeks the following damages: (1) past and future mental anguish and emotional distress; (2) loss of consortium and/or care, comfort and society in an amount to be determined according to proof at the time of trial; and (3) Damages pursuant to Louisiana Civil Code Article 2315.6 for the serious and foreseeable mental anguish and emotional distress suffered by the injured child's parents, as a result of viewing the accident and/or resultant injuries ("LeJeune

damages"). *See* Petition for Damages at Paragraph XV.

22.

Considering the various damages sought in this matter by plaintiff, Rahman Ramen, the amount in controversy for his claim clearly exceeds $75,000.00, exclusive of interest and costs.

23.

For the reasons stated above, Defendants desire and are entitled to have this cause removed from the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana, to be in the United States District Court, for the Eastern District of Louisiana, the district where the suit is pending.

24.

Defendants have sought no similar relief with respect to this matter.

25.

The prerequisites for removal under 28 U.S.C. § 1441 have been met.

26.

Promptly upon serving this Notice of Removal, written notice thereof is being given to the adverse parties as required by law. *See* Notice of Filing of Notice of Removal attached as Exhibit "D".

27.

Defendants file this Notice of Removal without waiving any defenses available to them including, but not limited to, defenses available under Rule 12 of the Federal Rules of Civil Procedure and/or Louisiana Code of Civil Procedure.

28.

Defendants present herewith the sum of $400.00 as required by 28 U.S.C. § 1446.

29.

The allegations of this Notice of Removal are true and correct, and this cause is within the jurisdiction of the United States District Court for the Eastern District of Louisiana.

WHEREFORE, Defendants Southern Fidelity Insurance Company and Azed Jean-Pierre hereby file this Notice of Removal and remove this civil action to the United States District Court for the Eastern District of Louisiana.  Plaintiffs are notified to proceed no further in the state court case unless this case should be remanded by Order of the United States District Court.

This 20th day of November, 2020.

               Respectfully submitted:

               */s/ Matthew D. Monson*
               **MATTHEW D. MONSON (25186)**
               **BRETT F. WILLIE (26755)**
               **KEVIN P. RICHE (31939)**
               **RACHEL L. FLARITY (33131)**
               **JOHN D. MINEO, IV (36587)**
               **THE MONSON LAW FIRM, LLC**
               900 W. Causeway Approach, Suite A
               Mandeville, Louisiana 70471
               Telephone: (985) 778-0678
               Facsimile: (985) 778-0682
               *Counsel for Defendants,*
               *Southern Fidelity Insurance Company and Azed*
               *Jean-Pierre*

- 8 -

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a copy of the above and foregoing has been served upon all counsel of record via electronic mail, by the United States District Court for the Eastern District of Louisiana, this 20th day of November, 2020.

                                                  */s/ Matthew D. Monson*