22nd JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. TAMMANY

STATE OF LOUISIANA

NO: 2020 13975    DIVISION: B 

SHADIA S. ITTAYEM and RAHMAN RAMAN

VERSUS

SOUTHERN FIDELITY INSURANCE COMPANY and AZED JEAN-PIERRE

FILED: _____        _____
                               DEPUTY CLERK

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, come Plaintiffs, Shadia S. Ittayem and Rahman Raman, who respectfully represents that:

I.

Made Plaintiffs herein are:

Shadia S. Ittayem ("Ms. Ittayem") and Rahman Raman ("Mr. Raman"), persons of the full age of majority and residents of and domiciled in the Parish of St. Tammany, State of Louisiana.

II.

Made Defendants herein are:

a. Southern Fidelity Insurance Company, a foreign insurance company, authorized to do and doing business in the Parish of St. Tammany, State of Louisiana.

b. Azed Jean-Pierre ("Defendant Pierre"), a person of the full age of majority and a resident and domiciliary of the State of Mississippi; and

(collectively referred to herein as "Defendants".)

III.

Venue is proper in St. Tammany Parish under Louisiana Code of Civil Procedure article 74 as the injury occurred and damages were sustained in this Parish.

IV.

Defendants are justly and truly indebted to Plaintiffs herein for damages, together with legal interest thereon from the date of judicial demand until paid, and for costs in these proceedings, for the following, to wit:

V.

At all times relevant therein, Defendant Pierre was the owner of certain real property located at 344 Foxcroft Drive, Slidell, La. (the "Property"). Defendant is therefore responsible for maintaining said Property in a reasonably safe condition.

FAX
SEP 19 2020
COPY

EXHIBIT A

VI.

On or about November 15, 2019, Defendant Pierre entered into a written agreement with Plaintiff to lease the Property as a residential home.

VII.

In connection with this, and prior to leasing the Property, Plaintiffs visited the Property, which appeared to be in good working condition, and Defendant Pierre assured them the Property was free of vices or defects and fit for its intended purpose.

VII.

Thereafter, on or about November 24, 2019, Ms. Ittayem attempted to use the range stovetop for the first time when a hole burned through the pan she was attempting to use, and she was immediately electrocuted.

VIII.

Upon information and belief, Defendant Pierre had knowledge of and/or created this unreasonably dangerous condition by failing to correctly install the range stovetop appliance located in the kitchen, and instead directly wiring the 240-volt electricity of the appliance into the wall wiring, thereby bypassing the electrical power plug to which the range stovetop should have been inserted, which is a violation of applicable building code.

X.

This unreasonably unsafe condition was hidden and/or otherwise unknown to Plaintiffs.

XI.

Upon further inspection, it was revealed that the Property and/or maintenance of the Property failed to meet several other safety requirements causing and/or contributing to the damages and injuries Plaintiffs sustained, including water in the electrical panel, lack of a connection at the ground rod, failure to install smoke alarms in all bedrooms, and visible mold in the closet housing the air handling unit.

XII.

Plaintiffs were not at fault nor were they contributorily negligent. Their injuries were caused solely by the fault and negligence of Defendant, Azed Jean-Pierre, in the following particulars:

1. Failure to maintain a reasonably safe Property for visitors and residents;
2. Failure to take necessary measures to protect the safety of visitors and residents;

3. Failure to properly install and inspect the range stovetop;

4. Failure to hire professional and licensed persons to install, inspect, and/or repair the range stovetop appliance;

5. Failure to properly maintain, inspect and supervise the Property;

6. Failure to warn visitors and residents of the unreasonably dangerous nature of the Property;

7. Failure to implement a proper plan to inspect and remove hazardous and unreasonably dangerous conditions;

8. Failure to comply with applicable building codes and regulations under local, state and federal law;

9. Failure to take steps to avoid this incident; and

10. Such other acts of negligence as will be shown at trial.

## XIII.

At all pertinent times herein, including on November 24, 2019, Defendant, Southern Fidelity Insurance Company, issued a policy of insurance to Defendant, Azed Jean-Pierre, that provides coverage for the claims alleged in this lawsuit.

## XIV.

Plaintiff, Shadia Ittayem, itemize the following damages suffered that were proximately caused by the above-described negligence of Defendant:

1. Past and future pain and suffering;

2. Past and future loss of enjoyment of life;

3. Past and future mental anguish and emotional distress;

4. Past and future medical expenses;

5. Permanent disability and disfigurement;

6. All general damages in an amount to be determined according to proof at the time of trial;

7. All special damages including, but not limited to, past and future medical expenses in an amount to be determined according to proof at the time of trial;

8. Judicial interest from date of judicial demand until judgment is paid;

9. Cost of the suit herein incurred;

10. For such other and further relief that the Court may deem just and proper.

FAX
SEP 19 2020
COPY

3

XV.

Plaintiff, Rahman Ramen, itemizes the following damages suffered that were proximately caused by the above-described negligence of Defendant:

1. Past and future mental anguish and emotional distress;
2. Loss of consortium and/or care, comfort and society in an amount to be determined according to proof at the time of trial; and
3. Damages pursuant to Louisiana Civil Code Article 2315.6 for the serious and foreseeable mental anguish and emotional distress suffered by the injured child's parents, as a result of viewing the accident and/or resultant injuries ("LeJeune" damages").

XVI.

Plaintiffs plead the doctrine of strict liability.

XVII.

Plaintiffs plead the doctrine of res ipsa loquitur.

XVIII.

Plaintiffs reserve the right to supplement and amend this Petition for Damages.

XIX.

Plaintiffs pray for a trial by jury.

WHEREFORE, Plaintiffs herein, SHADIA S. ITTAYEM and RAHMAN RAMAN, pray that the Defendants, AZED JEAN-PIERRE AND SOUTHERN FIDELITY INSURANCE COMPANY, be served with a copy of this Petition for Damages and be duly cited to appear and answer the same, and that after expiration of all legal delays and due proceedings, there be judgment rendered in favor of Plaintiff and against Defendants, in an amount that will fully compensate Plaintiff for her damages pursuant to the evidence and in accordance with the law, all sums with legal interest thereon from the date of judicial demand until fully paid, for all costs of these proceedings, and for all general and equitable relief.

FAX
SEP 19 2020
COPY

Respectfully submitted,

HUBER THOMAS & MARCELLE, LLP

*(signature)*

STEPHEN M. HUBER, Bar No. 24463
MARY E. SCHONEKAS, Bar No. 35183
1100 Poydras Street, Suite 1405
New Orleans, LA 70163
Telephone:   (504) 274-2500
Facsimile:   (504) 910-0838
Stephen@huberthomaslaw.com
liz@huberthomaslaw.com

and

WOMAC LAW FIRM
EDWARD J. WOMAC, JR., BAR NO. 02195
CHRISTOPHER J. WILLIAMSON #32991
3501 Canal Street
New Orleans, Louisiana 70119
Telephone No. (504) 486-9999
Facsimile No. (504) 488-4178

PLEASE SERVE:
Azed Jean-Pierre
Po Box 765
Picayune, MS 29466

Southern Fidelity Insurance Company
Through the Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, La. 70809

FAX
SEP 19 2020
COPY

22nd JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. TAMMANY

STATE OF LOUISIANA

NUMBER:  2020-13975  DIVISION: "B"

SHADIA S. ITTAYEM and RAHMAN RAMAN

VERSUS

SOUTHERN FIDELITY INSURANCE COMPANY and AZED JEAN-PIERRE

FILED: _____  _____
                                                                    CLERK

## MOTION FOR EXTENSION OF TIME

NOW INTO COURT, through undersigned counsel, come Defendants, Southern Fidelity Insurance Company and Azed Jean-Pierre, who, solely out of an abundance of caution and with full reservation of any and all rights and defenses, including insufficiency of citation and/or service of process, respectfully moves this Court for an extension of time of thirty (30) days within which to answer or respond to the respond to the Petition for Damages of Plaintiffs, Shadia S. Ittayem and Raham Raman and in support thereof shows that no extension has been previously given.

Respectfully submitted,

_____
MATTHEW D. MONSON (25186)
RACHEL L. FLARITY (33131)
JOSHUA H. DIERKER (35109)
JOHN D. MINEO, IV (36587)
THE MONSON LAW FIRM, LLC
900 W. Causeway Approach, Suite A
Mandeville, Louisiana 70471
Telephone:  (985) 778-0678
Facsimile:  (985) 778-0682
*Counsel for Defendants,*
*Southern Fidelity Insurance Company*
*And Azed Jean-Pierre*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been served on all counsel of record by email, facsimile and/or mailing a copy of same in the U.S. Mail, properly addressed and postage prepaid, this 27TH day of October, 2020.

_____

22nd JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. TAMMANY

STATE OF LOUISIANA

NUMBER:  2020-13975                                              DIVISION: "B"

SHADIA S. ITTAYEM and RAHMAN RAMAN

VERSUS

SOUTHERN FIDELITY INSURANCE COMPANY and AZED JEAN-PIERRE

FILED: _____        _____
                                                                    CLERK

## ORDER

Considering the foregoing Motion for Extension of Time,

**IT IS ORDERED** that Defendants, Southern Fidelity Insurance Company and Azed Jean-Pierre are hereby granted an additional thirty (30) days from the date of this Order within which to answer or otherwise plead the Petition for Damages of Plaintiffs, Shadia S. Ittayem and Raham Raman.

Covington, Louisiana, this _____ day of _____, 2020.

_____
**JUDGE AUGUST J. HAND**

22nd JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. TAMMANY

STATE OF LOUISIANA

NUMBER: 2020-13975   DIVISION: "B"

SHADIA S. ITTAYEM and RAHMAN RAMAN

VERSUS

SOUTHERN FIDELITY INSURANCE COMPANY and AZED JEAN-PIERRE

FILED: _____   _____
　　　　　　　　　　　　　　　　　　　　CLERK

## NOTICE OF FILING OF NOTICE OF REMOVAL

TO:　Honorable August J. Hand
　　　Judge, Division "B"
　　　22nd JDC, Parish of St. Tammany
　　　701 N. Columbia Street
　　　Covington, LA 70433

　　　Stephen M. Huber, Esq.
　　　Huber, Thomas & Marcelle, LLP
　　　1100 Poydras Street, Ste. 1405
　　　New Orleans, LA 70163

　　　Christohper J. Williamson, Esq.
　　　Womac Law Firm
　　　3501 Canal Street
　　　New Orleans, LA 70119

**PLEASE TAKE NOTICE** that Southern Fidelity Insurance Company and Azed Jean-Pierre, sought to be made defendants in this matter, filed in the United States District Court for the Eastern District of Louisiana, a Notice of Removal of the above matter to that Honorable Court.

A copy of the Notice of Removal is hereby served upon counsel of record for the plaintiffs and filed with the Clerk of Court for the 22nd Judicial District Court for the Parish of St. Tammany in conformity with 28 U.S.C. § 1446(d), as amended.

Respectfully submitted:

_____
**MATTHEW D. MONSON (25186)**
**BRETT F. WILLIE (26755)**
**KEVIN P. RICHE (31939)**
**RACHEL L. FLARITY (33131)**
**JOHN D. MINEO, IV (36587)**
**THE MONSON LAW FIRM, LLC**
900 W. Causeway Approach, Suite A
Mandeville, Louisiana 70471
Telephone:　(985) 778-0678
Facsimile:　(985) 778-0682
*Counsel for Defendants,*
*Southern Fidelity Insurance Company*
*and Azed Jean-Pierre*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been served on all counsel of record by email, facsimile and/or mailing a copy of same in the U.S. Mail, properly addressed and postage prepaid, this 20th day of November, 2020.

_____